German Insurance Company v. Landram.

CASE 68—PETITION ORDINARY—MARCH 28.

# German Insurance Company v. Landram.

### APPEAL FROM GRANT CIRCUIT COURT.

1. To ENTITLE A LITIGANT TO HAVE THE REGULAR TRIAL JUDGE VACATE THE BENCH, he must state in his affidavit the fact or facts upon which is founded his belief that the judge will not give him a fair trial; and the facts thus stated must be of such a character as should prevent the judge from properly presiding in the case. Of the sufficiency of the affidavit the trial judge must determine, his decision to be subject to revision upon appeal. And thus construed, section 1 of article 7, chapter 28, General Statutes, is not unconstitutional.

2. SAME.—The objection to the trial judge is a question of jurisdiction, and to be available must be made before an appearance to the merits of the action, or the submission of preliminary motions by either party preparatory to a trial.

3. REVERSIBLE ERROR.—An error of $5 in the amount of the judgment is too small to authorize a reversal.

COLLINS & FENLEY FOR APPELLANT.

1. The refusal of the judge to vacate the bench is a reversible error, although appellant went to trial without making any further objection to the jurisdiction of the court. (Turner v. Commonwealth, 2 Met., 621.)

2. The statute providing the mode in which the regular judge of a circuit court may be required to vacate the bench is not in violation of the

| 88 | 433 |
|----|-----|
| 89 | 184 |
| 88 | 433 |
| 93 | 590 |
| 88 | 433 |
| 101 | 591 |
| 101 | 592 |
| 88 | 433 |
| 106 | 433 |
| 88 | 433 |
| e108 | 56 |
| 88 | 433 |
| e109 | 720 |
| 88 | 433 |
| e114 | 251 |
| e114 | 254 |
| h114 | 255 |
| 114 | 256 |
| 114 | 277 |
| 88 | 433 |
| 120 | 542 |
| 88 | 433 |
| f128 | 593 |
| 88 | 433 |
| f133 | 99 |
| 135 | 586 |
| f135 | 632 |
| 135 | 634 |
| 88 | 433 |
| 138 | 192 |
| 138 | 243 |
| 138 | 614 |

constitution. On the contrary, the power to pass such a statute is: expressly granted. (General Statutes, chapter 28, article 7, section 1; Constitution of Kentucky, article 4, section 26.)

3. The objection to the regular judge was in time. The bias or unfairness: of the judge can not be ascertained until it comes to the surface in his official conduct of the case.

4. An affidavit in the language of the statute is sufficient. The statute does not require any reason to be assigned.

5. With the propriety of the statute the court has nothing to do. If it is constitutional it should be enforced.

DE JARNETTE & DICKERSON FOR APPELLEE.

Section 1 of article 7, chapter 28, of the General Statutes, is unconstitutional in so far as it provides that a party may depose the regular judge by the filing of such an affidavit as is there required.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The principal and only question necessary to be considered in this case arises from the refusal of the regular judge below to vacate the bench on the filing of an affidavit by the agent of the appellant with the clerk of the court, as provided by section 1, article 7 of chapter 28, General Statutes, to the effect that "the judge would not afford the appellant a fair and impartial trial." When the case was called, the appellant, the German Insurance Company, of Freeport, Illinois, defendant in the action, moved, through its counsel, for a continuance of the case, supported by the affidavit of its agent. The motion was overruled, and thereupon an amended affidavit was filed and the motion renewed and the motion again overruled. At this stage of the proceeding the counsel filed the affidavit of the agent, asking that the case be tried by a special judge, and the court, disregarding the affidavit, proceeded to try the case, resulting in a verdict and judgment against the appellant.

The constitutionality of this statute requiring the judge.

to vacate the bench was maintained and ably argued on the hearing; and if constitutional, it is urged the judgment in this case should be reversed in order that the appellant may have a retrial before some other judge than the regular elected judge of the district.

The constant abuse of this statutory privilege in almost every circuit court district in the State has directed the attention of the courts and the profession to this important question; and, while the purpose of the law is to place the trial judge beyond the temptation to oppress those who are compelled to resort to the courts for the protection of person or property, and to enable the litigant to prevent a corrupt or partial judge from passing judgment on his case, it must be conceded by every one at all familiar with the administration of the law by the circuit judges of the State, that this statute, with the construction now given it, operates in its practical effect to enable the shrewd and reckless litigant to avoid the trial of his case, by the regular elected judge without cause, and to deprive the honest litigant of what is his constitutional right. He takes advantage of this statute and acquits his conscience in making the affidavit on the ground that the judge, in refusing a continuance, sustaining a demurrer to his complaint or defense, or in excluding testimony offered, or on account of other rulings in his case or in other cases, whether erroneous or proper, has induced the belief in his mind that he can not have a fair and impartial trial. The personal and judicial integrity of the judge is questioned only in this way, when every man acquainted with the judicial history of the State will testify, in looking to the present or to the past, that

no public officials are more entitled to the approbation of
their fellowmen for the faithful and honest discharge of
their duties than the judges of the various circuit districts,
and whether elevated to their positions by appointment or
the popular vote, it can not be truthfully said that they
are influenced in their judicial action by local influences
or party prejudice.    Those who make these affidavits,
and they are becoming almost as numerous in contested
cases as motions for a continuance, assign no cause for
their belief that justice will be denied them, yet the trial
judge, with no charge made against him, is often unseated
by a litigant he has never known, or by those with whom
he has never had a business transaction, with no means
of ascertaining the facts upon which the belief of the
litigant is based; and however corrupt the oath may be,
there is no means of punishing the guilty party, because
his belief is made the law.    In fact, that branch of the
judiciary upon whose intelligence and integrity we depend
more for the protection of person and property than any
other, and whose intercourse and influence with the
people in the administration of the law molds public
sentiment in sustaining every moral as well as legal prin-
ciple essential to social existence, is met at every term of
the court with an affidavit that he is a corrupt or a
partial judge, and this affidavit spread upon the records.
It not only lessens the respect we should have for the
judge and the law he administers, but tends directly to
destroy that pure public sentiment that demands its
vigorous enforcement.    The statute can not well be held
unconstitutional, for the reason that all doubts as to the
constitutionality of the act must favor its validity, and,

as has been also argued, the abuse of the legislative power is no argument against its exercise; still it may be a convincing argument against such a construction as must be apparent is in plain violation of the legislative meaning. Section 28 of article 4 of the Constitution provides: " The General Assembly shall provide by law for " holding circuit court when from any cause the judge " shall fail to attend, or, if in attendance, can not prop- " erly preside." The Legislature, under this constitutional provision, has from its adoption exercised the power of authorizing the election of special judges, and the causes for which the regular judge may be required to vacate the bench for the time being, and it would be a useless waste of time, in the determination of this question, to go behind the present constitution or to consult the common law rule under which judges were disqualified from trying a cause. Personal interest in the result of the litigation, or being related to those who had an interest, were the only disqualifications at common law. This court, however, held, in the case of Turner v. Commonwealth, reported in 2 Met., 625, that our laws had enlarged the causes for which a judge might be compelled to vacate the bench, and that the constitutional provision already referred to was intended to effectuate that object, and therefore the inquiry in that case was, as must be the inquiry now: Did the appellant, in the court below, manifest its right to have the cause tried by a special judge? Whatever may be said of the policy of this legislation, in view of that decision and the constitutional provision under which this legislative power has been so long exercised, the right of the litigant should

not be denied him of compelling the judge to leave the bench when he can not properly preside.

If we interpret this statute by its letter, then the litigant, for any cause, may have a special judge to try his case if, in his own belief, that cause will justify him in making the affidavit. The judge may have instructed the jury in a case similar to the one the affiant is about to try unfavorably to his side of the controversy. He may have sustained a demurrer to a pleading in the case, or in some other similar case that, if adhered to, must prove fatal to the case of the affiant. He may be known to one of the parties and unknown to the other. He may have peculiar views on certain branches of the law. He may refuse to continue a case when the litigant or his counsel believes the grounds were sufficient. In all such cases the litigant, for such reasons, may conceive that injustice will be done him, and, therefore, he is ready to make the affidavit, when it is apparent that not one of the grounds mentioned, or those of a like character, are sufficient to require the judge to vacate the bench. Again, even in ordinary cases, where the judge rules the one way or the other, those perfectly honest, in the excitement of the moment and feeling the sting that perhaps results from an erroneous ruling, will seize on this action of the court as a justification (to use the language so often heard and read in the records before us) for *swearing the judge off* the bench. It can not be urged that the rule of the common law has been so far enlarged as to permit the exercise of the privilege conferred by the statute for any of the reasons given.

The cause to disqualify a judge, as said by this court

in Turner v. Commonwealth, should not be trivial, "*but should be a legal and substantial one, and so the section should be construed in cases involving the propriety of a judge's presiding, and the necessity for a special judge on that ground.*" In that case the belief of Turner was stated on oath, accompanied by the grounds upon which his belief was founded. The judge had been personally hostile to Turner for years, and because of this hostility and for other reasons he did not believe he could obtain a fair trial.

It is contended that the statute has provided the grounds in saying that, if the affiant stated that the judge *will not afford him a fair and impartial trial,* he shall vacate the bench. This affidavit or the statements contained in it the affiant believes are true. What is the foundation of the belief or the ground on which the statements in the affidavit rest? *No one,* if this construction is given the statute, can know unless the ground is disclosed by the litigant himself; and, therefore, for any of the alleged causes mentioned the litigant obtains the benefit of the statute, although he is not entitled to a special judge. It is all left to the litigant and to no one else, with no means of questioning his belief or punishing him for stating what he does not believe. This can not be a correct or proper interpretation of the statute, and is not in accord with the only decision of this court on the subject. The statute could not have been framed with a view of protecting a corrupt or partial judge by keeping from the records of the court such grave charges against him. If corrupt it should be known and the bench vacated for all time, instead of temporarily, and

if the charges are false they should be made in such a. manner as would subject the party making them to criminal punishment. The fact or facts upon which the belief that the judge will not give the litigant a fair trial should and must be stated in the affidavit, and they must be of such a character as shall prevent the judge from properly presiding in the case. We do not mean to say the statement of the ground for belief must establish, if true, that the judge is a corrupt official, but we do mean to adjudge that such causes, and those of a like character,. as have been noticed, are not sufficient, and there must be some fact stated, such as personal hostility of such a. character, if that ground is relied on, as would prevent. an official of personal integrity from presiding in the case; and of the sufficiency of the affidavit the trial judge must determine, and the question, if improperly decided,. can be raised in this court, as in other cases, if an appeal is taken.

If an honest litigant is sincere in his belief that the judge will not give him a fair trial, he will as readily disclose the grounds for his belief as to make the oath that the judge will not fairly administer the law in his case; and this he will do before he submits his case, or any branch of it, to the judge for hearing. The objection to the trial judge becomes, in fact, a question of jurisdiction, and the objection, to be available, must be made before an appeal, and to the merits of the action or the submission of preliminary motions by either party preparatory to a trial. Judges are constituted like other men. They desire the approbation of their fellowmen and will avoid the censure of an enlightened bar, that is certain to make:

German Insurance Company v. Landram.

itself heard when the judge is favoring the one litigant to the prejudice of the other; and, besides, his high sense of honor will prompt him to leave the bench when facts and circumstances exist rendering it improper for him to preside.   There may be exceptions to this rule of conduct, but we can well say that no such exception exists in this State; and if the time should arrive when official duty is made subordinate to corruption and prejudice, the statute, under the construction given, affords the litigant all the protection he is entitled to.

The affidavit containing no grounds requiring the judge to vacate the bench, the judgment below is affirmed.

To a petition for rehearing, filed by counsel for appellant, JUDGE PRYOR delivered the following response of the court:

It is argued in a petition for a rehearing, that the constant abuse of this statutory privilege is no reason for this court's invading the province of the legislature, by placing such a construction on the language of the statute as requires the litigant to specify the grounds upon which his affidavit is based.   While the abuse of a law will not justify a resort to judical legislation to remedy the evil, it is plain that no such meaning was intended to be given this statute as enables a litigant, by an *ex parte* affidavit, to deprive his adversary of his right to have his case tried by the regular judge, and at the same time render that judge powerless to inquire as to the cause of the attack upon his official integrity.   It is a virtual impeachment of the judge in the particular case without cause.

The legislature could not well designate each and every cause for which the judge should vacate the bench, and therefore the comprehensive language it used, to the effect that where the judge can not *afford the litigant a fair and impartial trial* he shall vacate the bench. This does not dispense with the necessity for stating the facts upon which the affidavit is based. To construe the statute as counsel would have this court construe it, would be similar to permitting a recovery of money or property by one from the other without alleging a cause of action, that no court would sanction, although authorized by legislation. While the general outlines of a cause of action may be given, still such averments must be made as will authorize the recovery; and so of the judge who has been called on to try the case. While the legislature has said that if an affidavit is made by the litigant, that the judge will not afford him a fair trial, he shall not preside, the facts upon which this general averment is made must appear, and they must be such as brings the case within the legislative meaning. In the case of Turner, it was distinctly held that the grounds should be specified.

On the other branch of the case, we see no reason for a reversal. The appellee may have recovered more than he was entitled to, but it does not exceed five dollars.

Petition overruled.