CASE 99—INDICTMENT—DECEMBER 13.

## Massie v. Commonwealth.

APPEAL FROM OWEN CIRCUIT COURT.

1. A JUDGE SHOULD VACATE THE BENCH AND GIVE WAY TO A SPECIAL. JUDGE to try a case upon the filing of an affidavit by one of the parties stating facts showing that the judge is personally hostile· to him.

Upon a second trial, under an indictment for murder, the jury' upon the former trial having failed to agree, the defendant filed his affidavit stating that the judge had repeatedly and openly proclaimed his guilt ; had stated that his öffense " was the most cold-blooded ever committed;" had criticised those of the jury who; upon the former trial had favored his acquittal, and that the judge was personally hostile to him. *Held*—That it was error for the judge to refuse to retire from the bench.

2. THE REFUSAL OF A JUDGE TO VACATE THE BENCH upon the motion of one of the parties, supported by an affidavit stating facts which make it improper for him to preside, is a reversible error, although the record may not disclose any ruling of the court during the progress of the trial that was prejudicial to the party making the application.

E. E. SETTLE AND LINDSAY & BOTTS FOR APPELLANT.

The presiding judge erred in refusing to retire from the bench. (Gen. Stats., chap. 28, art. 7, sec. 1; Vance v. Field, 89 Ky., 178; German Ins. Co. v. Landram, 88 Ky., 433; Russell v. Russell, 11 Ky. Law Rep., 548; Turner v. Com., 2 Met., 625.)

JAMES A. SCOTT OF COUNSEL ON SAME SIDE.

W. J. HENDRICK AND REID ROGERS FOR APPELLEE.

An affidavit in support of a motion to require the presiding judge to vacate the bench must state the facts upon which is based the affiant's belief that the judge will not give him a fair trial. It is not sufficient to state conclusions. (German Ins. Co. v. Landram, 88 Ky., 440.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant was indicted in the Owen Circuit Court, charging him with the crime of murdering Jesse Honaker.

Massie v. Commonwealth.

The second trial of the case resulted in convicting the appellant of the crime charged, and fixing his punishment at confinement in the penitentiary for life.

The appellant, before the second trial had commenced, moved the trial judge to retire from the bench and not preside in the case, and supported his motion by the following affidavit:

"The defendant, J. L. Massie, states that his Honor, Warren Montfort, will not afford this defendant a fair nor impartial trial of this case; that the said judge has repeatedly expressed his opinion of the guilt of the defendant upon the former trial of this defendant; has that opinion now, and has at all times since said trial had said opinion, and repeatedly and publicly expressed the same; and that while the jury which was impaneled to and did try this defendant's case at the May term, 1892, of this court, were considering of their verdict, said judge became angry; and after said jury was discharged, said judge did repeatedly, and to divers persons, talk of and criticise severely those of the jury who favored the defendant, and said that this defendant's case was the most cold-blooded ever committed; that said judge has also repeatedly said to divers persons that, if his counsel argued this case, or attempted to argue his case, as upon a former trial, he would see that such argument was not made; that said attorneys had no right to give to the jury their opinion of the meaning of the words 'willful,' 'feloniously' and 'malice aforethought;' and that said judge well knew the strong, rabid and unhealthy public sentiment against the defendant; and that there is now divers races for public office being made, of which the race for circuit judge is one; and that unconsciously the said judge so

rules as to satisfy the blood-thirsty throng, and has repeatedly discussed this defendant's case with the common crowd; and would and did express his opinion of defendant's guilt; and that the said judge is personally hostile to this defendant."

This affidavit is supported by the other affidavits required by law.

Appellant's affidavit discloses the fact that the judge, after the first trial of his case, criticised to divers persons those of the jury that favored the appellant; that he denounced the appellant's case as the most blood-thirsty that was ever committed; tnat the judge knows that there is a rabid and unhealthy feeling against him in Owen county; and that the judge, in the presence of crowds, expresses, during canvasses for the various offices, the circuit judgeship being one, his opinion as to the affiant's guilt, and the judge so rules as to satisfy the blood-thirsty crowd; that he is personally hostile to the affiant.

This court, in the case of German Insurance Company v. Landram, 88 Ky., 433, said that the affidavit to compel the judge to vacate the bench and give place to a special judge to try the case, must state such facts as should prevent the judge from properly presiding in the case, such as personal hostility, personal interest, partiality, &c., of the sufficiency of which the judge must of necessity judge, but subject to appeal. Now, the affidavit says that the judge is personally hostile to the affiant, and gives such reasons for his belief that show, if true, that the judge should not preside in his case. The grounds are sufficient. But, it is said, the record, so far as the judge's rulings are concerned, indicates no hostility or prejudice against the appellant. But that is not the question; for the accused

has the right to be tried by a judge that is fair and impartial, and when he has good reason to believe, supported by facts, that he will not afford him such trial, he should not be compelled to take chances of a trial before that judge in order that the truth of the matter may be developed, which may never be developed, because there are many ways that a partial or prejudiced judge may knife a party that he is trying without it appearing from the record or without his being able to ascertain the fact. So, when the fact is made to appear, by proper affidavits, the judge should then vacate, and it is a reversible error if he does not.

The judgment is reversed and a new trial is granted.