## Tolliver v. Commonwealth.

(Decided June 9, 1915.)

### Appeal from Lawrence Circuit Court.

1. Criminal Law—Continuance—When Absence of Counsel Not Cause for in Criminal Case.—Absence of an attorney for a defendant, in a criminal cause, is not a cause for a continuance, unless it can be made to appear that the defendant can not have a fair trial without the presence of the attorney.

2. Criminal Law—Continuance—In Criminal Case.—If, when a motion, for a continuance, in a criminal cause is made, based upon the absence of witnesses, other than at the term of court at which the indictment is returned, and the attorney for the State agrees, that the affidavit may be read as the depositions of such witnesses, it is not error to overrule the motion for a continuance, unless the circumstances are such that the court ought to require the statements of the affidavit to be taken as true.

3. Criminal Law—Change of Venue.—When a change of venue in a criminal cause is made, an objection to a county, to which the court is proposing to transfer the case, must be a valid one, and the court may hear proof in regard to the objections to the county, upon the part of both parties.

4. Criminal Law—Change of Venue.—The court, in selecting a county to which to change the venue of a criminal cause, is not bound by the affidavit of the defendant, objecting to a particular county, but may act upon the personal knowledge of the judge of the court.

5. Criminal Law—Change of Venue.—The granting or refusing a change of venue, and the selection of the county to which the cause ought to be transferred, when a change of venue is granted, is a matter within the sound discretion of the trial judge, and that discretion will not be interfered with, unless it appears to have been abused.

6. Criminal Law—Vacation of Bench.—The defendant, in a criminal prosecution, is not entitled to have the regular judge vacate the bench, unless he files his affidavit, stating his belief that the judge will not give him a fair trial, and the facts upon which he bases his belief.

7. Criminal Law—Objection to Judge—When to be Made.—To be available, objection must be made to the judge before an appearance is made to the merits of the case, and before an appearance to preliminary motions preparatory to the trial of the case are heard.

8. Criminal Law—Vacation of Bench.—Upon a second trial of a cause, the defendant can not require the judge to vacate the bench, because of grounds of objection known to him before the time of the first trial.

9. Criminal Law—Vacation of Bench.—Mere suspicions of the defendant, or his opinion that the judge is hostile to him, not based upon facts which warrant such belief or suspicion, are not sufficient to require the judge to vacate the bench.

10. Criminal Law—Trial.—Mere errors of law made by a judge are not sufficient to warrant the defendant in the belief that the judge will not give him a fair trial.

W. E. PROCTOR and H. L. WOODS for appellant.

JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This is the second appeal from a judgment of conviction in this case. The opinion upon the former appeal will be found in 161 Ky., 81. The first trial was had in the Carter Circuit Court. After the judgment of conviction at that trial was reversed by this court, the ap-

pellant filed a petition for a change of venue, which was granted, and the venue of the case was changed from the Carter circuit court to the Lawrence circuit court, where another trial was had, which resulted in the conviction of appellant, and his penalty fixed at an indeterminate sentence of not less than twelve years nor more that twenty-one years' imprisonment. The appellant filed grounds and entered a motion to set aside the verdict of the jury and judgment of the court, and to grant him a new trial, which motion was overruled, and he again appeals to this court.

No complaint is made that the court below made any errors in rulings upon the admission or exclusion of evidence, or in instructing or failing to instruct the jury, as to the whole law of the case, and the only grounds insisted upon for a reversal of the judgment are:

First: That the trial judge erred in overruling appellant's motion to require him to vacate the bench, as the judge in the case.

Second: Because the court erred in ordering the change of venue in the case to be made to Lawrence county, instead of some other county in the state.

Third: Because the court erred in overruling appellant's motion for a continuance of his case when it was called for trial in the Lawrence circuit court.

The appellant's motion for a continuance of his case was based upon an affidavit, showing the absence of certain witnesses which he desired to use upon the trial, and a statement of the facts they would testify to, if present, and further, on account of the absence of one of his attorneys at the trial, on account of illness of the attorney. The bill of exceptions shows that before the court overruled the appellant's motion for a continuance, that the Commonwealth's attorney, in open court, agreed that the affidavit of the appellant might be read as the deposition of the absent witnesses, and it was then that the court overruled his motion for a continuance. No motion was made to require the Commonwealth to admit the truth of the matters, which it was alleged in the affidavit such absent witnesses would testify to, and this was not the term of the circuit court at which the indictment was found. The affidavit showed that one attorney for appellant was absent on account of illness, but the record showed that he was represented upon the trial by three attorneys, two of whom represented him in the

first trial of his case, and who must have been well acquainted with all of the facts of his case, with the nature of his defense, and with his witnesses. Absence of an attorney for a defendant in a criminal trial is not sufficient grounds for a continuance, unless it can be made clearly to appear that the defendant could not have a fair trial in his absence. Stephens v. Com'th., 9 R., 742, 6 S. W., 456; Brown v. Com'th., 7 R., 451; Cook v. Com'th., 114 Ky., 586, 24 R., 1409. We see no error made by the court in overruling appellant's motion for a continuance.

There seems to be no valid reason for insisting that the court erred or abused its discretion in changing the venue of the case to Lawrence county, or that anything prejudicial would or could result to the appellant by the order. Lawrence county is in the same judicial district with Carter county, and is an adjoining county thereto. The record does not disclose that appellant made any objection to the transfer of the case to the Lawrence circuit court at the time the motion for the change of venue was granted, and the order made directing the case to be transferred to the Lawrence circuit court, and neither did the appellant except to the order directing the venue to be changed to Lawrence county. It appears that on the following day the appellant filed an affidavit, in which he set forth his reasons for his objection to the transfer of the case to the Lawrence circuit court. This affidavit appears to be more an attack upon the Commonwealth's attorney than anything else. The objection to the Lawrence circuit court, set out in the affidavit was, that the Commonwealth's attorney had engaged in a prosecution of a case in the Lawrence circuit court, in which the facts were similar to the case of appellant, and that the attorney for the Commonwealth had made a very vigorous effort for the prosecution in that case, and that the people in Lawrence county had been aroused, and were very much opposed to the crime of homicide. This would only seem to indicate that the attorney for the Commonwealth was doing his duty, and that the citizens of Lawrence county were aroused to a proper way of thinking upon the subject of homicide, and could not be construed as placing the appellant in a situation where he could not have a fair trial. The affidavit discloses that the court house in two other counties in the district are only from twenty-five to thirty

miles from the courthouse in Carter county, while that in. Lawrence county is seventy or eighty miles distant. There is, however, shown that a railroad connects the place of the homicide in Carter county, where the most of the witnesses in the case reside, with the county seat of Lawrence county, while no railroad connected with at least one of the other counties mentioned. After the filing of appellant's affidavit opposing the change of venue to the Lawrence circuit court, no motion was made to change the order transferring the case to Lawrence county, and it does not appear that the objections of appellant were ever brought to the attention of the court. If such had been done, the objection of appellant was not supported by any other affidavit than his own, and was contradicted by that of the attorney for the Commonwealth. When objection is made to a county, where the court is proposing to transfer a case, when a change of venue is granted, the objection must be a valid one, and the court may hear proof on the question upon the part of both parties. Mickey v. Com'th., 13 B., 237. In the case of Adkins v. Com'th., 98 Ky., 539, 33 S. W., 948, it was held that the court in selecting a county to transfer a case to, upon a change of venue being granted, is not bound by the affidavit of the defendant, objecting to a particular county, but the court may act upon its own personal knowledge in so doing. It has been repeatedly held by this court, that granting or refusing to grant a change of venue is a matter within the sound discretion of the trial court, and that discretion will not be interfered with, unless this court is satisfied that the discretion has been abused. The same rule must necessarily apply in regard to selecting a county, to which the case should be transferred for trial, keeping in view the requirements of Section 1109, of the Kentucky Statutes, which provides that the venue shall be changed to some adjacent county to which there is no valid objection, and if the judge is satisfied that a fair trial cannot be had in an adjacent county, he may order the trial to be had in the most convenient county, in which a fair trial can be had. Crockett v. Com'th., 100 Ky., 382, 38 S. W., 674; Heck v. Com'th., 163 Ky., 518; Howard v. Com'th., 15 R., 874.

The judge of the trial court has better opportunity of estimating the conditions which exist in the communities in his district than we can possibly have, and his

discretion ought not to be interfered with, except in instances where this court is satisfied that his discretion has been abused.

The ground for a reversal which appellant's counsel most seriously insist upon is the alleged error of the trial court in overruling the motion for the regular judge of the court to vacate the bench, and retire as the judge of the court for the trial of this case.

The defendant in a criminal prosecution is not entitled to have the regular judge of the court retire from the case, unless he files his affidavit, stating his belief, that the judge will not grant him a fair and impartial trial, or will not fairly and impartially hear and decide an application for change of venue made by him, and he must state in his affidavit the facts upon which he bases his belief, that the judge will not decide upon the motion fairly and impartially, or will not give him a fair and impartial trial. His mere belief that the judge is hostile to him will not avail. His statement that certain things are facts, about which the affidavit discloses he can only have a mere opinion, are not sufficient. The fact or facts, when stated, must be of such character as should prevent the judge from properly presiding in the case. The judge himself must pass upon the facts stated, as to whether or not they constitute a sufficient cause to require him to vacate the bench, but his decision upon such a question may be reviewed by this court. The objection to the judge must be made, to be available, before an appearance to the merits of the case, or to preliminary motions preparatory to the trial of the case are heard. Germania Insr. Co. v. Landram, 88 Ky., 433; Massie v. Com'th., 93 Ky., 590, 20 S. W., 704. In Schmidt v. Mitchell, 101 Ky., 570, it was held, that an affidavit, which consisted of mere hearsay, as to the facts stated, was not sufficient to justify the regular judge in vacating the bench. In Erwin v. Benton, &c., 27 R., 907, it was held, that a statement in the affidavit, that the regular judge was opposed to the sale of intoxicating liquors to such an extent, and that his bias was so pronounced, that he could not afford a fair trial in a contest growing out of a local option election, was not sufficient. In White v. Jouett, 147 Ky., 197, it was held that where a defendant to an action filed a demurrer to the petition; made a motion to strike therefrom, and other motions throughout the term of court, he cannot at a subsequent term rely

on facts which he knew existed, when the first term of the court was held, as a ground to require the judge to vacate the bench. His acts in participating in the preliminary steps of the trial waived any objection he might have had to those pre-existing facts.

In Sparks v. Colson, 109 Ky., 720, this court said:

"But it is not enough to merely assert the fact of personal hostility or partiality. He must state the facts which he alleges constitute the state of feeling complained of. We have held that the truthfulness of the facts stated cannot be questioned by the judge (Vance v. Field, 89 Ky., 178, 12 S. W., 190); therefore, it is all the more important that the facts, and not the litigant's conclusions or suspicions, be set forth, that this court may have an opportunity of testing their sufficiency, if the trial judge should hold them insufficient." Massie v. Com'th., 93 Ky., 588; McDonald v. Wallsend Coal Co., 135 Ky., 624; Anderson v. Com'th., 117 S. W., 364; Rush v. Denhardt, 138 Ky., 238; Wathen v. Com'th., 133 Ky., 94, 116 S. W., 336, support the doctrines above announced.

Upon the first trial of this case, the appellant filed an affidavit and moved the court for a continuance; and filed a written motion and moved the court to admit him to bail; and thereafter, at the time to which a continuance of the case was taken, again moved for a continuance of the case, to the next term of the court, and filed affidavits in support of his motion, and having thus tested out the trial judge, then filed his application and moved the regular judge to vacate the bench. After the case had been appealed to this court, and reversed, then upon the calling of the case again for trial, the appellant again filed his affidavit, and moved the court to adjudge that the judge vacate the bench. This motion was overruled, and of this appellant now complains. The affidavit of appellant is very lengthy, and contains a great many statements and allegations, but so far as it undertakes to state any facts upon which he bases his belief, that the judge would not rule fairly and impartially upon a motion for change of venue or upon his trial, it is a statement of alleged facts, which transpired long before his first trial, and of which appellant was fully cognizant, when he was first indicted, and which he waived his right to object on account of by his failure to object to the judge at the beginning, or it is a statement of alleged

facts, which had transpired since the filing of the first affidavit, and which are simply statements in regard to alleged errors of law made by the court upon the first trial, and corrected by this court on the former appeal, and which the appellant now alleges were acts showing the hostility of the judge to him. These statements are, of course, mere suspicions, and if allowed to be sufficient to require a judge to vacate the bench, would enable a litigant, who is reckless in his conclusions, to secure the removal of the judge, every time the judge might, in the opinion of the litigant, make an error, and every time the judge made a ruling with which the litigant did not agree, either in his own case or a similar one.

The application of the conclusions of this court, in the above mentioned cases, fails to disclose that any error prejudicial to the substantial rights of appellant occurred in the proceedings, and the judgment is, therefore, affirmed.