**Velma Loretta C. MILLS, Appellant,**

v.

**Franklin MILLS, Appellee.**

Court of Appeals of Kentucky.

June 28, 1968.

J. W. Jordan, Barbourville, for appellant.

Thomas J. Roberts, Middlesboro, for appellee.

PALMORE, Judge.

Franklin and Loretta Mills, the parties to this divorce proceeding, were married in 1947 and came to a parting of the ways in December of 1964. Shortly thereafter Franklin brought suit on the grounds of cruel and inhuman treatment and lewd and lascivious conduct by Loretta. KRS 403.020(4) (c) and (d). Loretta counterclaimed on the ground of cruel and inhuman treatment. KRS 403.020(3) (b). She appeals from a judgment finding her guilty of lewd and lascivious conduct and awarding Franklin a divorce and custody of their four children; subject to reasonable visitation privileges. The judgment awarded Loretta no money or property except for her personal clothing left in the house when the separation took place.

Loretta contends that (1) the trial court erred in refusing to vacate the bench, (2) she should have been awarded custody of the children and an allowance for their maintenance, and (3) certain items of personal property should have been restored to her.

Loretta was first represented in this proceeding by Hon. Boyd Taylor, but when

she and two of her children failed to appear for the taking of depositions Mr. Taylor withdrew as counsel and she was thereafter represented by her present counsel. On May 2, 1966, being dissatisfied with the provision or lack of provision for support pendente lite made by the chancellor, she filed an affidavit requesting him to vacate the bench and certify the case to this court for appointment of a special judge. The affidavit describes the financial hardships to which she was being subjected, says that her motions for relief had been unavailing, and "that she does not believe that she will be given any further or adequate relief under prevailing circumstances and that her said husband has on numerous times advised her that she would not get anything out of the divorce action and from other information affiant believes she will not be afforded any adequate relief by the court," etc. At the time the affidavit was filed all depositions had been completed and the case was under submission. Judgment was entered a little more than a month later, on June 8, 1966.

█ KRS 23.230 provides for the appointment of a special judge under any of several conditions, one of which is that a party has filed an affidavit "that the judge will not afford him a fair and impartial trial." KRS 23.230(1). If a party has knowledge of facts that would disqualify the judge, he "must make known these facts at the outset and not wait until the judge has made a ruling against him before moving for disqualification." Harrell v. City of Middlesboro, Ky., 287 S.W.2d 614, 615 (1956). In this instance Loretta's affidavit says in substance that on the basis of what had been done, or not done, thus far in the proceeding there was no reason for her to expect she would obtain justice at the hands of the regular chancellor. We do not believe, however, that the mere failure of the trial court to grant pendente lite relief in an amount or amounts which the appellant, or even this court, might consider to have been justly required is a sufficient indication of prejudice or partiality to require

removal of the judge. Cf. Tolliver v. Commonwealth, 165 Ky. 312, 176 S.W. 1190, 1193 (1915).

█ On the question of lewd and lascivious conduct the evidence was in direct conflict. If the chancellor believed the husband's testimony, which obviously he did, there was sufficient evidence to support the finding and it cannot be held clearly erroneous. CR 52.01.

The children involved are four sons. When the suit was filed one was 13 years old, two (twins) were 11, and the other was a baby of nine months. Thus the youngest would be about four years old now. The judgment found "that prior to the institution and during the pendency of this action the defendant has failed to conduct herself as a lady, and has been guilty of lewd and lascivious conduct * * * and because of such conduct and based upon the Court's observation of the parties, it is and will be to the best interest of the children that the plaintiff * * * have their care, custody and control."

█ It has long been recognized, of course, that ordinarily the custody of a child of tender age is best left with the mother. It is equally obvious that the mother's moral fitness is a factor of great importance in determining otherwise. In this instance the chancellor placed much stress on that factor. The misconduct of which he found the wife guilty consisted of consorting with other men and, as we have said, there was enough evidence in support of that conclusion to forbid intervention by this court. In addition, it appears that both Loretta and her mother must earn their own livelihoods, which means that unless they should be fortunate enough to find steady employment at different hours or on different shifts it would be necessary to employ someone else as a sitter, whereas the husband's mother and sister have indicated a willingness to stay with the children and live in his home while so doing. Moreover, his income is quite

modest, and it seems doubtful that he could pay enough support money to enable Loretta to provide living facilities comparable with his home.

"In deciding this very important question, a large discretion must be given the chancellor." Conlan v. Conlan, Ky., 293 S.W.2d 710, 713 (1956). Much as we regret seeing the custody of the littlest of the children wrested from a hard-working woman who is conceded by the father to have been a good housekeeper and mother, we are not in a position to say that the chancellor abused his discretion. If circumstances change, or have changed, and Loretta can show that she is leading a respectable life and is in a position to care for the youngest child, we think it would be incumbent on the chancellor to make a different arrangement; and the other children are now old enough that their own choices may be taken into account.

▆ The evidence regarding the 1955 model Chevrolet automobile being in direct conflict, the award to Franklin could not be found erroneous. He admitted, however, that Loretta had purchased a television set and had paid the balance on some living room furniture for which they had traded-in other furniture. There is no question that she earned money for four years and put a good deal of it into the running of the household and the acquisition of the things they had in the home. In this respect we are of the opinion that the action of the chancellor in cutting her off with nothing but her clothing and personal paraphernalia was clearly erroneous. Upon remand of the proceeding a fair division of the household items should be provided, with a cash adjustment if necessary or appropriate.

The judgment is affirmed in part and reversed in part with directions that the judgment be modified in conformity with this opinion.

All concur except that HILL and OSBORNE, JJ., would affirm the judgment without modification.