CASE 28—MANDAMUS—OCTOBER 12.

# Vance v. Field.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. IN ORDER TO REQUIRE THE JUDGE OF A COURT TO VACATE THE BENCH, or deprive him of the power to try an action pending in his court, the facts upon which is based the belief of the litigant that the judge will not give him a fair trial must be stated in the affidavit, which the statute requires to be filed, and they must be of such a character as would prevent an official of personal integrity from presiding in the case; but when an affidavit stating such facts is filed, the facts stated and the statement of the belief founded thereon must be taken as true; they can not be put in issue or called in question by the judge.

Vance v. Field.

The plaintiff in an ordinary action pending in the Louisville Law and Equity Court filed an affidavit stating that the judge of the court would not afford him a fair and impartial trial, but as the judge, notwithstanding the affidavit was filed and objection was made to the jurisdiction of the court, proceeded to hear the case, the plaintiff had the case docketed in the Jefferson Court of Common Pleas, and the judge of that court having refused to hear any motion or make any order in the case, the plaintiff has applied to this court for a mandamus to compel him to try the case.  *Held*—That the affidavit filed by the plaintiff was not sufficient to entitle him to a transfer of the case to another court; and, as the case is still pending in the Louisville Law and Equity Court, the judge of the Jefferson Court of Common Pleas had no jurisdiction.

2. SAME.—A party may, even after the issues are formed, file an affidavit to require the judge to vacate the bench, provided it is based upon facts discovered since the issues were formed.

3. POWER OF COURT OF APPEALS TO ISSUE MANDAMUS.—While the writ of mandamus, as defined and treated of in the Civil Code, can not, in any case, be issued by this Court, its power to issue the writ where there is a right and no other specific remedy, directed to even an inferior court of judicature within its jurisdiction, still exists as it did before the adoption of the Civil Code.  The extent of that power it is not necessary to determine in this case.

W. W. THUM, BARNETT, MILLER & BARNETT FOR PLAINTIFF.

1. The section of the Civil Code, 477, which defines the writ of mandamus, as treated of in the Code, does not exhaust the power of the courts to issue a mandamus.  That section relates only to the writ of mandamus as treated of in chapter 12 of the Code, which is the mandamus as an original proceeding.  The Legislature does not attempt to curtail the powers of the Court of Appeals in any respect, certainly not in regard to the jurisdiction of that court; nor would it be competent for the Legislature to impair any such jurisdiction of the Court of Appeals. ( Lowe v. Phelps, 14 Bush, 644.)

2. The Court of Appeals of Kentucky has power to issue a mandamus in aid of its appellate jurisdiction, notwithstanding that said court, is a court of limited appellate and not original jurisdiction.  In such case the writ of mandamus is not an original writ.  (Barnett v. Warren Circuit Court, Hardin, 173; Sanders v. Nelson Circuit Court, Hardin, 17.)  The Supreme Court of the United States, which is a court of appellate and not original jurisdiction, has no power to issue the writ of mandamus in the exercise of original jurisdiction.  The close of section 13 of the judicial act of 1789, so far as it attempted to authorize such jurisdiction, is not warranted by the Constitution.  (Riggs v. Johnson Co., 6 Wallace, 166; Marbury v. Madison, 1 Cranch, 137;

United States v. Boutwell, 17 Wallace, 604.) But a writ of mandamus may be issued by the Supreme Court of the United States to compel an inferior tribunal to act on a matter within its jurisdiction, but not to control its action or reverse its decisions when made. (*Ex parte* Burtis, 103 U. S., 238; United States v. Lawrence, 3 Dall., 42; United States v. Peters, 5 Cranch, 115; Life & Fire Ins. Co. of N. Y. v. Wilson, 8 Pet., 291; Kendal v. United States, 12 Pet., 524; Decatur v. Paulding, 14 Pet., 497; United States v. Addison, 22 How., 174; *ex parte* Milwaukee, etc., R. R. Co., 5 Wall., 188; *ex parte* Newman, 14 Wall., 152; *ex parte* Loring, 94 U. S. 418; *ex parte* Flippen, Id., 348; *ex parte* Morgan, 114 U. S., 174; *ex parte* Brown, 116 U. S., 401.) For the refusal of an inferior court to hear and decide a cause, the remedy is by mandamus to compel the court to entertain and decide the case, and not by writ of error. (Crawford v. Haller, 111 U. S., 796; *ex parte* Bradstreet, 7 Pet., 634; Life & Fire Ins. Co. of N. Y. v. Wilson, 8 Pet., 291; United States v. Russell, 13 Wall., 623; *ex parte* Newman, 14 Wall., 152.) This court will grant a writ of mandamus to compel a circuit court to hear and determine an action by a citizen of one State against a corporation of another State, begun by a service of process on an agent in the State, under a State statute requiring the consent of the corporation to be so sued as a condition of doing business in the State. (*Ex parte* Schollenberger, 96 U. S., 369.) A writ of mandamus may issue to compel an inferior court to render judgment or enter a decree. (*Ex parte* Newman, 14 Wall., 152; *ex parte* Bradstreet, 6 Pet., 774; Fire & Life Ins. Co. of N. Y. v. Adams, 9 Pet., 573.) A writ of mandamus is not a proper process to correct an erroneous judgment or decree rendered in an inferior court; neither will this court, by mandamus, direct a judge what judgment to enter in a suit, but will only require him to proceed to render judgment. (*Ex parte* Hoyt, 13 Pet., 297.) Mandamus is the exclusive remedy where a petition for appeal is improperly denied, and it is an appropriate remedy to compel the clerk, in case of refusal, to prepare and deliver the transcript. (United States v. Gomez, 3 Wall., 752.) So the Kentucky Court of Appeals has no power to issue mandamus as an original jurisdiction, but in aid of its appellate jurisdiction may compel the lower court to proceed with the action. (Daniel v. Warren County Court, 1 Bibb, 500; Simpson v. The Register of the Land Office, Sneed, 218.)

3. The Louisville Law and Equity Court is a court created by the Legislature, with powers similar to those of circuit courts, with a chancery and a common law side. The act creating it, and the acts amendatory thereto, must be read together, and if it was competent for the Legislature to create the court, it was also competent for the Legislature to provide how the jurisdiction of that court should be ousted. For more than seventy-five years it has been the settled policy of the State of

Vance v. Field.

Kentucky that an interested or prejudiced judge should not be exposed to the temptation to punish his enemy or adversary by his ruling in any case. (Act Dec. 27, 1803, 3 Litt., 152, repeated in 1815 in Brown & Morehead's Digest; see also General Statutes.)

4. All doubts as to the constitutionality of an act of the General Assembly will be resolved in favor of its validity, and upheld unless clearly unconstitutional. (Lexington v. McQuillan, 9 Dana, 513; Louisville v. Hyatt, 2 B. Monroe, 178; Waller v. Martin, 17 B. Monroe, 191; C. & O. R. R. Co. v. Barren Co., 10 Bush, 613; Collins v. Henderson, 11 Bush, 74.)

5. The abuse of legislative power is no argument against its existence. (Baird v. Smith, 6 Monroe, 500.)

6. The act in question, to-wit, the act of 1884, regulating the jurisdiction of the Louisville Law and Equity Court, is not unconstitutional. (Sec. 1, art. 4, Ky. Con.; secs. 16 and 17, art. 4, Ky. Con.; Rudd v. Woolfolk, 4 Bush, 355, cited and approved in Toney v. Harris, 85 Ky., 453; Owen v. Owen, Hard., 158; Turner v. Commonwealth, 2 Met., 630; Vandever v. Vandever, 3 Met., 137; Rudd v. Woolfolk, 4 Bush, 557; Salter v. Salter, 6 Bush, 624; Smith v. Blakeman, 8 Bush, 477; Walker v. Commonwealth, 8 Bush, 88; Cotton v. Wolff, 14 Bush, 238; Kennedy v. Commonwealth, 78 Ky., 451; Potter's Dwarris, 64, 65, 184; see also the American Rules of Construction, Potter, 144, items 4, 6, 7, 8, 9, 13, 14, 15, 17, 20 and 21.)

C. B. SEYMOUR for plaintiff.

1. The Legislature, having power to fix the jurisdiction of the courts it creates, has said that the jurisdiction of the Louisville Law and Equity Court shall cease whenever its judge cannot properly preside, and that the jurisdiction of the Jefferson Court of Common Pleas shall at once attach. This is clearly within the legislative power. (Session Acts 1884, page 9; Constitution of Ky., art. IV, sec. 28; Id., sec. 16.)

2. If the Louisville Law and Equity Court is but a branch of the Jefferson Circuit Court, the transfer is a compliance with the constitutional requirement that circuit courts shall be held; and even if it were a separate circuit court, the transfer to the judge of the Jefferson Court of Common Pleas would be valid, as that judge would be simply holding the Louisville Law and Equity Court for the trial of that case. (German Ins. Co. v. Landram, 10 Ky. Law Rep.)

3. The Legislature has said that *whenever* a certain affidavit is filed, the case shall be deemed one in which the judge of the Louisville Law and Equity Court cannot properly preside, so there is no room for construction as to what the affidavit shall contain, or when it shall be filed.

O'NEAL, JACKSON & PHELPS for defendant.

1. It is absolutely essential for the transfer of a case from the Law and Equity Court to the Jefferson Court of Common Pleas that such transfer shall be made by the judge or clerk of said Law and Equity Court. (Carroll's Code, sec. 886.)

2 This Court has no power to issue a writ of mandamus to compel the judge of a trial court to perform any act involving judicial discretion; and as the effect of the writ asked in this case would be to compel Judge Field to decide that the affidavit filed by plaintiff in the Louisville Law and Equity Court transferred the case to the Jefferson Court of Common Pleas, this Court has no power to grant the writ.

JOHN S. JACKMAN, of counsel on same side.

CHIEF JUSTICE LEWIS delivered the opinion of the court.

This is a proceeding by Burton Vance for a mandamus from this court requiring Emmet Field, Judge of the Jefferson Court of Common Pleas, to proceed, according to the rules of court and law of the land, to judgment with an action ordinary, in which said Vance is plaintiff and the Louisville Courier-Journal Company is defendant.

It appears from the petition filed in this court, and transcript of the record accompanying it, that the action was, in December, 1886, commenced in the Louisville Law and Equity Court, and the parties had pleaded to an issue triable by jury when, February 4, 1889, the plaintiff filed with the clerk of that court the following affidavit: "The plaintiff, Burton Vance, on oath, says that the judge before whom the above-styled action is now pending will not afford him a fair and impartial trial." But, notwithstanding the affidavit was filed and objection made to the jurisdiction of the court, the action was, February 12, 1889, submitted to a jury for trial, who, however, having failed

to agree on a verdict, were, February 15, 1889, discharged; whereupon, on motion of the defendant, an order of court was made re-assigning the action for trial April 12, 1889; and April 11, 1889, another order was made in the same court assigning it for trial June 15, 1889.

It further appears that February 25, 1889, the plaintiff, in writing, directed the Clerk of the Jefferson Court of Common Pleas to place said action upon the docket of cases set at rules in that court, to be called March 18, 1889, which was done, and upon call of said action the plaintiff moved the last-named court to assign it to a day for trial, and to proceed with it to judgment. But the court refused to permit made any entry of the motion, or of exceptions to its action or non-action, or to grant an appeal to this court, the reason, as appears from minutes of the proceeding then had, and as stated in the answer of the judge to the petition filed in this court, being that the action had not been transferred from the Louisville Law and Equity Court to the Jefferson Court of Common Pleas, and the latter had, consequently, no jurisdiction of it.

Section 477, Civil Code, is as follows: "The writ of mandamus, as treated of in this chapter, is an order of court of competent and *original* jurisdiction, commanding an *executive* or *ministerial* officer to perform an act, or omit to do an act, the performance or omission of which is enjoined by law, and it is granted on the motion of the party aggrieved, or of the Commonwealth when the public interest is affected."

The writ of mandamus as thus defined and treated of in the Civil Code can not, in any case, be issued by this

court, which is of appellate and not original jurisdiction. But its power to issue the writ when there is a right and no other specific remedy, directed to even an inferior court of judicature within its jurisdiction, still exists as it did before the adoption of the Civil Code, and, as the language of the section plainly implies, was not intended by the Legislature to be taken away or impaired. But it is not necessary to here discuss the extent of that power or class of cases in which it may be properly exercised, because, in our opinion, the Jefferson Court of Common Pleas has no jurisdiction of the action in question, nor legal authority to make any orders in, and, therefore, can not be required to proceed with it, for it never has been transferred from, but is still pending in, the Louisville Law and Equity Court.

In the case of German Insurance Company v. Landram, 88 Ky., 433, it was held that an affidavit identical with the one filed by the plaintiff in the Louisville Law and Equity Court was not sufficient to require the judge of a court to vacate the bench or to deprive him of the power to try the action; that "the fact or facts upon which the belief that the judge will not give the litigant a fair trial should and must be stated in the affidavit, and they must be of such a character as should prevent the judge from properly presiding in the case."

As the affidavit filed by the plaintiff contains simply an expression of his belief the Judge of the Louisville Law and Equity Court will not afford him a fair and impartial trial, without a statement of any fact whatever upon which the belief is founded, he was, accord-

ing to the case referred to, clearly not entitled to a transfer of the action to another court; and it would be unnecessary to say any thing further on the subject except that counsel, in arguing this, seem to have, to some extent, misconstrued the opinion in that case. It was not intended to there decide the judge of the court has the right to put in issue or call in question the truth of the statement of facts contained in the affidavit, but simply that there must be in the affidavit such fact or ground for the belief stated "as would prevent an official of personal integrity from presiding in the case," or as would prevent him affording a fair and impartial trial; and when such affidavit is filed, the statement of facts it contains and of the belief founded thereon must be taken as true. Nor was it intended by the opinion to decide that a party may not file an affidavit based upon facts discovered after the issues are formed.

Wherefore, the application for the writ of mandamus is refused.