## Jasper v. Jasper.

(Decided April 26, 1929.)

WM. M. CATRON and M. L. JARVIS for appellant.

B. J. BETHURUM for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Pearl and Eugene Jasper were formerly husband and wife. They were divorced on November 11, 1926. Pearl was given the custody of the child, Tommy Jasper, who had been born of this marriage, and was adjudged $30 per month for the support and maintenance of this child and herself. Subsequent occurrences are so well set forth in the case of Jasper v. Tartar, 224 Ky. 834, 7 S. W. (2d) 236, that we shall content ourselves by merely referring to that opinion, which will give to the reader many interesting facts.

While this last-named proceeding was pending in this court, Eugene Jasper gave notice that he would, on May 4, 1928, move the court to reinstate the case of Jasper v. Jasper on the docket and to modify the judgment. On that day Pearl Jasper filed in the Pulaski circuit court a motion, supported by her affidavit, asking that, and giving the reasons why, the regular judge of the Pulaski circuit court should vacate the bench. No useful purpose would be served by stating the contents of that affidavit, further than to say she made such showing that her motion should have prevailed. In overruling this motion to vacate the bench, the judge stated he did so because the statements of the affidavit are untrue. When facts are stated in such an affidavit, they cannot be put in issue or called in question by the judge. See Vance v. Field, 89 Ky., 178, 12 S. W., 190, 11 Ky. L. R. 388; Sparks v. Colson, 109 Ky. 711, 60 S. W. 540, 22 Ky. Law Rep. 1369: Givens v. Crawshaw, 55 S. W. 905, 21 Ky. L. R. 1618; Turner v. Com., 59 Ky. (2 Metc.) 619; Powers v. Com.,

114 Ky. 237, 70 S. W. 644, 24 Ky. L. R. 1007, and other cases cited under section 968, Kentucky Statutes. In the Powers case, in speaking of this statute, we said:

"From this statute, and the decisions quoted from, the law may be gathered to be, if a litigant files his affidavit, stating that the judge will not give him a fair and impartial trial, and states therein the basis of such belief, and if the facts so stated are such 'as would prevent an official of personal integrity from presiding in the case or as would prevent him from affording a fair and impartial trial,' then the truth of the statement of the facts as set out in the affidavit must be assumed for it cannot be traversed or tried."

In this Powers case we made a thorough review of the question, and after such review we said:

"By express declaration of law the judge can not controvert the statements of the affidavit. In argument, counsel for appellee assert that the affidavit is untrue. In the Turner case and in Vance v. Field and in Givens v. Crawshaw, cited, the trial judge in each instance controverted of record the truthfulness of the affidavits. But in each instance, also, their sufficiency was tested by their own averments, and without regard to the judge's traverse."

In other words, the judge to whom such a request is made can disregard the conclusions in the affidavit, may inquire into the sufficiency of the facts stated, but cannot question the truth thereof.

After her motion was overruled, Eugene Jasper moved the court to modify the judgment so as to permit him to see the child. He offered no proof in support of his motion, and Pearl was not permitted to offer proof why the motion should not prevail. She made no avowal or disclosure what that proof would be. The matter was heard upon the original record, and the court entered a judgment adjudging that Eugene Jasper be permitted to see the child and have the child with him on certain occasions. Of that judgment Pearl Jasper is now complaining. As previously stated, the regular judge should have vacated the bench upon the showing made, and, as the other errors complained of may probably not be repeated, we are not now passing on them, but reserve our judg-

ment as to them. We are resting this reversal solely upon the refusal of the judge to vacate the bench.

The judgment is reversed.