## Clarke v. Commonwealth ex rel.

(Decided May 24, 1935.)

DUDLEY L. CLARKE for appellant.

GILBERT BURNETT, FRANK ROPKE, BAILEY P. WOOTTON, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Dudley L. Clarke appeals from a judgment disbarring him from practicing law in the courts of this commonwealth.

This proceeding was begun on September 20, 1934, by the filing of information by the Louisville Bar Association and the issue of a rule against Dudley L. Clarke to show cause why he should not be disbarred, which rule was made returnable October 4, 1934. This rule was served on Dudley L. Clarke September 21, 1934.

## The Motion to Vacate.

On October 4, 1934, and as his first step, Clarke filed a motion (sec. 971-3 Ky. Stats.) that the presiding judge vacate the bench, and in support of that motion filed his own affidavit and that of Robert W. Taylor, in which affidavits this appears:

> "The said judge on or about September 12, 1934, in a conversation he had with one Robert W. Taylor about this matter, made the following statement to said Taylor: 'Mr. Taylor you're out of the picture, but I'm going to disbar Clarke if it's the last thing I ever do.'"

The court overruled the motion and refused to vacate the bench. We are constrained to hold that was error. This remark cannot be distinguished from the remark alleged to have been made by Judge Moss in Givens v. Lord Crawshaw, 55 S. W. 905, 21 Ky. Law Rep. 1618, because of which this court held Judge Moss should have vacated the bench; that of Judge Denhardt, because of which he was prohibited from trying certain cases. Rush v. Denhardt, 138 Ky. 238, 127 S. W. 785, Ann. Cas. 1912A, 1199; the remark made in Ky. Journal Pub. Co. v. Gaines, 139 Ky. 747, 110 S. W. 268, 33 Ky. Law Rep. 402, or Massie v. Com., 93 Ky. 588, 20 S. W. 704, 14 Ky. Law Rep. 564. If, in fact, the judge did make the remark attributed to him, and under our well-established rule it must be taken as true, it indicated he had already prejudged the case against Clarke, and he should have vacated the bench.

The student of this question will find thorough discussion of it in Chreste v. Com., 171 Ky. 77, 186 S. W.

919, Ann. Cas. 1918E, 122; Chreste v. Com., 178 Ky. 311, 198 S. W. 929, and Lester v. Com., 250 Ky. 227, 62 S. W. (2d) 469.

Judgment reversed; the whole court sitting.