## Brock v. Williams et al.

(Decided Oct. 4, 1935.)

WILLIAM LEWIS & SON and J. B. WALL for appellant.

E. H. JOHNSON, C. B. SPICER and J. L. WILLIAMS for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal under section 1550-28 of the Kentucky Statutes, 1933 Supplement, providing for the con-

duct and trial of primary election contests. The appellant here is the contestant. He was an unsuccessful candidate for the nomination for state senator from the Thirty-Third senatorial district on the Republican ticket.

Immediately upon filing his petition herein, the contestant filed a motion, supported by affidavits, seeking to have the trial judge vacate the bench, pursuant to the provisions of section 971-6 of the Kentucky Statutes. The court overruled the motion, and this is the first point of which contestant complains here. We have carefully analyzed the facts set out in the affidavits filed by the contestant in support of his motion, and have concluded that under the circumstances here presented they were sufficient and that the motion should have been sustained. Clarke v. Commonwealth, 259 Ky. 572, 82 S. W. (2d) 823; Lester v. Commonwealth, 250 Ky. 227, 62 S. W. (2d) 469; Chreste v. Commonwealth, 178 Ky. 311, 198 S. W. 929. Although numerous questions both of law and of fact were presented, our conclusion on this question necessitates a reversal of the judgment.

Contestant, however, urges that we also consider the propriety of the ruling made by the trial court in sustaining a demurrer to the second paragraph of his petition and in refusing to permit him to make the allegations of that paragraph more definite by amendment after the expiration of the time allowed for filing grounds of contest. In view of the fact that the expression of our views on these two questions will tremendously reduce the issues necessary to be considered on a retrial of this case, and in view of the plainly expressed purpose of section 1550-28 of the Statutes to expedite the trial of these contests in every possible way because of the shortness of time before the final election, we consider that it is proper for us briefly to pass on these questions at this time. The questions have been thoroughly argued, and cannot now be differently presented below.

In the second paragraph of his petition, the contestant sought to throw out the entire vote in fourteen precincts in Harlan county. He alleged that in these precincts the election officers had electioneered with voters while they were voting; that a large number of persons voted openly and publicly; that there was stuffing

of the boxes; that there were large numbers of unqualified persons who were permitted to vote, and, in several precincts, that voting was permitted both before and after the hours fixed by statute for keeping the polls open. Each of these allegations was in general terms, and none of the names of the voters was stated, although it will be readily observed that each of the grounds alleged went to the question of legality of the votes cast. We have repeatedly held that a petition in a primary election contest charging the illegality of votes cast must set out the names of the voters whose ballots are questioned. Hogg v. Caudill, 254 Ky. 409, 71 S. W. (2d) 1020; Salyer v. Gross, 253 Ky. 296, 69 S. W. (2d) 376. Before a contestant can throw out an entire precinct and thus disfranchise such of those voters as may have voted legally, he must make some attempt to purge the illegal votes cast. Johnson v. Caddell, 251 Ky. 14, 64 S. W. (2d) 441.

The contestant recognizes the force of these rules, but seeks to avoid them by alleging that the stub books in twelve of the precincts were locked up in the ballot boxes and that he was unable to get the names of the voters because the sheriff fraudulently left the state with one of the keys to the boxes. It is not alleged when the sheriff went away or that contestant asked for any order of court directing that the boxes be opened for the purpose of securing the stub books or made any effort to canvass the voters in the contested precincts. It is strongly urged, however, that, because it is claimed that the entire vote is illegal in these precincts, it was therefore not necessary to set out the names of the voters. Clearly, to uphold such general allegations would be in effect to ignore or nullify the requirements of the statute as heretofore construed by this court. Indeed, it has been seriously questioned if, in a contest of a primary election, illegal voting alone would authorize the throwing out of an entire precinct under any circumstances. Johnson v. Caddell, supra. We conclude, therefore, that the allegations of the second paragraph of the contestant's petition were insufficient and that the trial court did not err in sustaining the demurrer.

Likewise, the trial court was correct in refusing to permit the contestant to file his amended petition setting out specifically the names of voters after the ex-

piration of the time allowed for filing the contest. The language of section 1550-28 is clear:

"No ground of contest by either party shall be filed or made more definite by amendment after the expiration of the time given to file same."

In the case of Kash v. Smith, 250 Ky. 490, 63 S. W. (2d) 617, we held that the foregoing provision was mandatory and discussed the changes brought about by the amendment of section 1550-28 in 1930. There is no necessity for a reconsideration of those questions here. As pointed out in that case, the right to contest the nomination of a candidate in the primary election is one that may be granted or withheld by the Legislature, and, when granted, it may be on such terms as the Legislature deems proper.

All questions other than those here considered are reserved.

The judgment is reversed for further proceedings consistent herewith.

Whole court sitting.