## Branham v. Caudill, Judge.

(Decided May 15, 1936.)

WALTER S. HARKINS, JOSEPH HARKINS, and WOODROW BURCHELL for petitioner.

JOHN W. CAUDILL and COMBS & COMBS for respondent.

OPINION OF THE COURT BY JUDGE STITES—Granting Writ of Prohibition.

This is an original proceeding in this court for a writ of prohibition against the Honorable John W. Caudill, judge of the Thirty-First judicial district. In a proceeding pending in the Floyd circuit court, in which Jack Branham, the petitioner here, was the plaintiff, the said Branham filed an affidavit to the effect that, for the reasons set out, the regular judge of the Floyd circuit court would not afford him a fair and impartial trial, and requesting that the judge vacate the bench. When the matter was brought to the attention of the respondent, counsel for defendants in that case made a motion for an order to permit them to cross-examine the plaintiff on the affidavit filed, and the court sustained the motion and ordered that the

plaintiff appear for cross-examination on the affidavit at a particular time and place set out in the order. Thereupon this petition was filed, and a temporary writ of prohibition was issued restraining the court from proceeding with the examination until this court could determine the merits of the application.

It is well settled that, if a litigant files his affidavit stating that the judge will not give him a fair and impartial trial and sets out in his affidavit facts such "as would prevent an official of personal integrity from presiding in the case or as would prevent him from affording a fair and impartial trial," then it is the duty of the trial judge forthwith to vacate the bench, even though he may be of the opinion that the facts alleged are untrue. The judge cannot controvert the statements of the affidavit. The only check on the plaintiff is that, if the alleged facts on which he bases his affidavit are untrue, then he subjects himself to a criminal prosecution for perjury. The duty of the trial court is limited to passing on the sufficiency of the facts alleged, and, of course, his ruling thereon is subject to review on appeal. Clarke v. Commonwealth, 259 Ky. 572, 82 S. W. (2d) 823; Jasper v. Jasper, 229 Ky. 137, 16 S. W. (2d) 787; Lester v. Commonwealth, 250 Ky. 227, 62 S. W. (2d) 469; Chreste v. Commonwealth, 178 Ky. 311, 198 S. W. 929; Brock v. Williams, 260 Ky. 569, 86 S. W. (2d) 324; Powers v. Commonwealth, 114 Ky. 237, 70 S. W. 644, 1050, 71 S. W. 494, 24 Ky. Law Rep. 1007, 1186, 1350. It is clear that the trial judge in the case at bar is without power to do more than pass on the sufficiency of the affidavit and that the order directing the plaintiff to appear for cross-examination is, under the circumstances here presented, beyond his jurisdiction. It is likewise clear that this is an error which cannot be reached in the ordinary process of appeal, as can the decision on the sufficiency of the facts set out in the affidavit. It follows that the temporary writ of prohibition must be made permanent.

While a copy of the affidavit filed is before us, we do not, of course, here consider its sufficiency. That is a matter which must be determined by the trial judge, and, if necessary, his decision may be reviewed on a final appeal of the action.

In brief by amicus curiæ it is contended that coun-

sel for defendants have a right to examine the plaintiff as if under cross-examination under the provisions of section 606, subsection 8, of the Civil Code of Practice. That section, however, plainly relates to a cross-examination on the merits, and not to an examination in a situation such as is presented here, where the law distinctly requires that the facts set out in the affidavit of the party seeking the removal of the judge shall be taken as true. Certainly, if the judge cannot controvert the affidavit, the defendant cannot.

The temporary writ of prohibition heretofore issued is made permanent as prayed in the petition.

Whole court sitting.