## Gross v. Cawood.

## Ball v. Middleton et al.

## Gross v. Hensley.

(Decided Oct. 19, 1937.)

E. H. JOHNSON and J. C. BAKER for appellants.

FORESTER & CARTER, C. B. SPICER, W. T. DAVIS and PREWITT & PREWITT for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

These actions were consolidated and heard together by agreement of the parties. By agreement the evidence was heard orally by the court, taken down in shorthand by stenographers, transcribed and made a part of the record. The pleadings by the ruling of the trial court was whittled down to one issue. The petitions in each case are practically the same. The contestees entered a motion in each case to strike out all of that part of the several petitions, wherein it was alleged that illegal votes were cast in the several pre-

cincts named therein, and where other irregularities of the officers of the election were alleged. This motion was sustained by the court. That part of the respective petitions was stricken out. We find no fault with that ruling. Brock et al. v. Williams et al., 260 Ky. 569, 86 S. W. (2d) 324. A demurrer was filed to the petition by the contestees which was overruled as to the violation of the Corrupt Practice Act (Ky. Stats. sec. 1565b-1 et seq.), so the issue in each case centers on that one question.

Caleb P. Gross and Herbert C. Cawood were candidates in the primary election on August 5, 1937, for the nomination for office of sheriff. The result of the election was, that Herbert C. Cawood, the contestee, received 4,507 votes, and Caleb P. Gross, the contestant, 1,501 votes. The majority for Cawood was 3,006 votes.

Dillard Ball, Ben Middleton, and John B. Gross were candidates at the same time for the nomination for office of jailer. Middleton received 2,830 votes; Gross, 1,666 votes; and Ball, 1,098 votes; a majority in favor of Middleton of 1,732 votes over Ball, the contestant.

Fannie Gross and J. B. Hensley were also candidates at the same time for the nomination for office of tax commissioner. Fannie Gross received 2,004 votes, and J. B. Hensley 2,787 votes; a majority for Hensley of 783 votes.

Each candidate receiving the majority of the votes for the respective offices named were issued certificates of nomination. This action was brought for the purpose of obtaining a judgment declaring their respective nominations void. The court adjudged the nominations of each contestee to be legal. This appeal follows.

Did either or all of the contestees violate the Corrupt Practice Act and thereby void the election and destroy their rights to the nomination? After reading the large and copious record in each of the cases, we have found it practically impossible and unnecessary, as we think, to take up and discuss the testimony of each and every witness, and to analyze same. To do so would extend this opinion to an unreasonable length. We will say, however, that the court has read, discussed, and considered the testimony of each witness carefully and critically, and has reached the conclusion that the result found by the trial court is correct. The trial court favored us with his written opinion, which is made

a part of the record. We have read that critically and carefully. The facts established by the evidence conform to the conclusions reached by the trial court in his written opinion. We have been unable to reach the conclusion that either of the contestees, in the light of the full and true meaning and purpose of the Corrupt Practice Act, and in view of what this court has repeatedly said, have been shown guilty of violating the act. It has long been a rule of this court not to declare an election void and of no effect on account of a violation of the Corrupt Practice Act, except it be shown by unimpeachable evidence that the contestees violated the act itself, or that, with their knowledge, consent, or procurement, the act was violated by others for them. Napier v. McIntosh, 220 Ky. 539, 295 S. W. 856; Baker v. Colson, 210 Ky. 277, 275 S. W. 879; Howard v. Parsons, 242 Ky. 704, 47 S. W. (2d) 545; Howard v. Whittaker, 250 Ky. 836, 64 S. W. (2d) 173; Prewitt v. Caudill, 250 Ky. 698, 63 S. W. (2d) 954.

Each of the appellees deny that they bought votes or bribed them or did anything to induce voters to cast their vote except of their own volition. They deny that they spent money in the purchase of votes, or that they authorized or had knowledge of such being done by others. While there is some fragmentary evidence in the record that these appellees, or at least some of them, met at one time in a private room at a hotel and were seen with money, either in their hands or in their possession or under their control, and had whisky in the room, etc., still this evidence is denied, and the testimony of the witnesses who made the statement was contradicted by other witnesses present, and their reputation for truth and veracity was shown to be such that their testimony could not be relied upon.

The trial court had the opportunity to see and hear the witnesses as they appeared and testified before him. He knew them personally. The record shows that many things occurred during the trial of the case that subjected witnesses to criticism, who undertook to establish, on the part of the contestees, a violation of the Corrupt Practice Act, that necessarily caused the court to discredit their testimony. We think the court upon the trial was very liberal. Much testimony was given that threw no light particularly upon the case, and was therefore incompetent; but such testimony was presented by the contestants, and the court so permitted it with the

view, no doubt, of seeking the truth as to the violation of the Corrupt Practice Act.

From the conclusion that we have reached, that the Corrupt Practice Act was not violated by the contestees to void their nomination, it is unnecessary for the court to go further and so pass upon the evidence offered as against the contestants on the counterclaim of the contestees as to whether the Corrupt Practice Act was violated by them or either of them. So without an expression of opinion on that question, we conclude that the contestants have failed to make out their case.

Judgment affirmed.