# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY

## APRIL TERM, 1912

### Hickman County v. McMorris.

(Decided June 11, 1912.)

Appeal from Hickman Circuit Court.

1. Health—Contagious Diseases—Expenses of Quarantines and Fumigation.—The expenses of quarantines and fumigation, incurred by order of the Board of Health, is a liability of the county which is not affected by the solvency or insolvency of the persons having the contagious diseases.

2. Health Officer—Salary of—Duties of Fiscal Court—Kentucky Statutes, Section 2055.—It is the duty of the fiscal court to fix a reasonable salary for the county health officer, and from an order fixing the salary the health officer has the right of appeal.

3. County Board—Health Officer—Employment of Another Physician to Perform Duties.—Where there is a regularly appointed health officer in office who, because of the insufficiency of the salary fixed by the fiscal court, refuses to perform the duties of the office, the county board of health has not the power to delegate the performance of his duties to another physician and make the county liable for the payment of such services as the latter may perform.

J. D. VIA, J. M. BRUMMAL, JR. for appellant.

ROBBINS & THOMAS, JOE W. BENNETT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

During the latter part of the year 1910, and during the early part of the year 1911, Dr. E. B. McMorris, acting by order of the County Board of Health, established a number of quarantines, and fumigated the premises of certain persons afflicted with scarlet fever and smallpox, which had become epidemic in the community. For

these services he presented an itemized account to the Fiscal Court of Hickman County, and his claim was allowed. From the order allowing the claim, the county prosecuted an appeal to the circuit court. That court sustained the allowance made by the fiscal court, and entered judgment accordingly. From that judgment Hickman County appeals.

It appears from the record that appellee, E. B. Mc-Morris, up until the 15th day of February, 1911, was only a member of the County Board of Health. Up to that time, Dr. J. R. Scarborough was the secretary of the board and county health officer. The fiscal court fixed the salary of the health officer of the county at $50 per annum. Because of the insufficiency of the salary, Dr. Scarborough refused to perform the duties of health officer, and tendered his resignation to the County Board of Health. That board declined to accept his resignation, and insisted on his retaining the position. Though still holding the title of health officer and secretary, Dr. Scarborough refused to perform the duties of health officer. Thereupon the board delegated appellee to perform the duties of that position, and $213 of his claim is for services rendered during Dr. Scarborough's term of office as county health officer, while the remaining $69 is for services rendered by appellee after his appointment as health officer.

Upon the request of Hickman County, the circuit court made a separate finding of law and facts, which finding is as follows:

"The court finds the facts substantially to be: That the County Board of Health, regularly organized, had up to February, 1911, elected Dr. J. R. Scarborough secretary of the board at an annual salary of $50 per annum, and that said Scarborough refused to perform the duties of that office for said salary; the board then, in the various cases set out in the itemized statement, directed Dr. McMorris to perform the services charged for in the itemized statement; that he performed said services and that the charges were reasonable and just. From this statement of fact the court concludes that the law authorized the board of health to employ other than the county health officer to perform these duties in cases of emergency when the duly elected secretary fails to perform them."

We agree with the circuit court that the evidence is

sufficient to show that the particular services for which an allowance is claimed were authorized by the county board. We also conclude that services rendered in fumigating premises of those afflicted with contagious diseases and establishing necessary quarantines, even though the persons afflicted with the disease are solvent, are services for which the county is liable, as such measures are not taken for the individual benefit of the particular patient, but to prevent the spread of the disease, and are, therefore, for the benefit of the public generally. Hudgins v. Carter Co., 115 Ky., 33, 24 R., 1980.

But in the consideration of appellee's claim, a more serious question than either of those referred to is presented.

Section 2055, Kentucky Statutes, providing for the appointment of county boards of health, and defining their powers and duties, and providing for the appointment of a health officer and the compensation to be paid him, provides in part as follows:

"The local board shall appoint a competent practicing physician who shall be the health officer of the county and scecretary of the board, whose duties shall be to see that the rules and regulations provided for in this act, and the rules and regulations of the State Board of Health are enforced, and who shall hold his office at the pleasure of said board, and he shall receive a salary, the amount of which to be fixed by the fiscal court at the time, or immediately after his election. In no state of case shall said health officer claim or receive from the county any compensation for his services other than the salary fixed by the fiscal court."

The services performed by appellee up until the time he was elected health officer were those imposed by law upon the health officer. Up until February 15, 1911, Dr. Scarborough was the health officer. Up until that time it was his duty to perform the services rendered by appellee.. The question then presented is: May the County Board of Health, while there is a regularly appointed health officer in office, who refuses to perform the duties of the office, impose the performance of his duties upon another physician and make the county liable for the payment of the latter's services? Manifestly not. When Dr. Scarborough resigned as health officer on the ground that he was unwilling to perform the duties of that office for the compensation fixed by the fiscal court,

the County Board of Health should have accepted his resignation. It had no right to let him continue in office and delegate his duties to another; nor did Dr. Scarborough have the right to hold the office, and at the same time refuse to perform the duties thereof. Even if he had not resigned, it was the duty of the County Board of Health to remove him and appoint another in his place, who would perform the duties of the office. The statute, supra, plainly provides that the fiscal court shall fix the salary of the health officer at the time of or immediately after his election, and that in no state of case shall such health officer claim or receive from the county any compensation for his services other than the salary fixed by the fiscal court. This provision of the statute cannot be evaded by letting the health officer remain in office without performing the duties of the office, and then delegating to another the performance of those duties and allowing him compensation therefor.

But it is claimed that under this view of the law, the fiscal court may fix the salary of the health officer so low that no one will perform the duties of the office, and thus defeat the very purpose for which the county boards of health are established. We have held, however, that the salary fixed for the health officer must be reasonable, and that from an order of the fiscal court fixing the salary an appeal lies to the circuit court and thence to this court. Butler Co. v. Gardner, 29 Ky. L. R., 922; Trabue v. Todd Co., 125 Ky., 809. Under these circumstances we think there will be no difficulty in securing the services of a competent health officer, even though the fiscal court should make the salary unreasonably low, for, upon making this fact appear, the necessary relief will be afforded either in the circuit court or this court. If it be argued that owing to the uncertainty as to the amount of salary the health officer is to receive, no one will undertake the duties of the office, it is a sufficient answer to say that the members of the fiscal court are charged with the duty of fixing a reasonable compensation for the health officer, and no doubt the fact that for a failure in this respect, resulting in an epidemic in the community, they will be answerable to their constituents, who will not continue in office men who are so unmindful of the health and welfare of the people, will be a sufficient reason why they should act justly and prop-

erly, aside from the fact that their action will be reviewed by a higher court.

As $213 of the amount of appellee's claim is for services rendered while Dr. Scarborough was the health officer, it follows that appellee is not entitled to recover that sum. Nor is he entitled to recover the remainder of $69 for services performed after his appointment as health officer, as his claim for the latter sum will be included in whatever salary the fiscal court may have fixed for his services. If no salary has heretofore been fixed, the fiscal court will fix the salary at a reasonable sum.

Judgment reversed and cause remanded for proceedings consistent with this opinion.