## Neace v. Commonwealth.

(Decided March 22, 1932.)

HENRY L. SPENCER, ERVINE TURNER, and R. A. DUNN for appellant.

BAILEY P. WOOTTON, Attorney General, H. HAMILTON RICE, Assistant Attorney General, and A. F. BYRD for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

Blake Centers, Braddox Neace, Joe Terry, Loss Noble, Ballard Neace, and Bobbie Neace were jointly indicted in the Breathitt circuit court for the murder of William Barnett. On separate trial, Bobbie Neace was found guilty of murder and his punishment fixed at imprisonment for life. He has appealed.

In a brief consisting of 110 pages, counsel for appellant assign ten alleged errors, each of which it is argued constitutes prejudicial and reversible error. In an 80-

page brief filed by counsel for commonwealth, it is argued with equal vigor that no prejudicial error was committed.

All of the defendants in the indictment, except Loss Noble, a constable, were deputies under Lee Combs, sheriff of Breathitt county. The shooting which resulted in the death of William Barnett occurred on a ridge forming a watershed between Hays' branch and Smith's branch. It is made to appear in the record that, at the time of the shooting, the officers, acting on information and complaint concerning the manufacture of whisky on these creeks, were attempting to locate and destroy illicit stills. It will not be necessary to a decision of the appeal to enter into a detailed recital of the evidence, and we shall refer to it only in so far as it may have a bearing on the question to be determined. Evidence was introduced on behalf of appellant tending to indicate that William Barnett, some of his immediate family, and perhaps other relatives and friends, were extensively engaged in the manufacture of moonshine liquor in the vicinity of the difficulty.

The conclusion reached renders it unnecessary to give attention to but one of the grounds argued for reversal. When the case was called for trial, but after the defendants had made a motion before the judge of Breathitt county for bail, appellant entered motion that the regular judge vacate the bench and another judge be selected or appointed to try the case. In support of that motion he filed his affidavit in which other defendants joined. In the affidavit it is stated that the regular judge would not afford defendants a fair and impartial trial and would not impartially decide an application for change of venue for seven different reasons set out at length therein. The affidavit is largely made up of generalities and amounts to little, if anything more than mere conclusions, and, while charging that the regular judge would not afford accused a fair and impartial trial, sufficient facts are not stated to form a reasonable or substantial basis for such charges.

The third and fourth reasons assigned as showing the disqualification of the judge are as follows:

"Third:—That the said Judge has publicly expressed his bias, hatred and bitter feeling toward the said Lee Combs and the defendants herein, both before and since the said defendants made their

motion for bail herein, and has publicly stated that the said Lee Combs, and each and every one of his deputies should be in the penitentiary, and that he about had two of them in the penitentiary and that he, referring to the defendants in this case, was making a strong move to get the rest of them there.

"Fourth:—That the said Judge on Wednesday, July 29th, 1931, at a time when the defendants were in the Breathitt county jail, went in an automobile to Loss Creek, and while there within a short distance of the place where William Barnett was shot, had a meeting with Farrish Barnett, the brother of William Barnett, and for almost an hour counselled and advised with him and other relatives of the said William Barnett and witnesses for the Commonwealth against the said defendants in this case."

It is averred in the seventh paragraph of the affidavit that, immediately after the shooting of William Barnett, defendants were placed in jail where they remained until the indictment was returned. They were then brought out and motion for bail was made; but that, at the time they made such motion, they did not know of the bias and bitter feeling of the judge against them or of the facts set out in the affidavit, but thereafter learned of the facts therein stated.

Section 971-6, Ky. Statutes, provides for the appointment of a special judge to preside in any action pending in a circuit court, "if either party shall file with the clerk of the court his affidavit that the judge will not afford him a fair and impartial trial, or will not impartially decide an application for a change of venue." This provision, prior to 1926, was embodied in section 968, Ky. Statutes.

In a long line of cases it has been consistently held by this court that an affidavit to compel the regular judge to vacate the bench is not sufficient if it merely consists of general charges that he will not afford to the complaining party a fair and impartial trial; but, to meet the requirements, the affidavit must state facts on which the affiant bases his belief that he will not be afforded a fair trial at the hands of the regular judge, and at least some of the facts stated as a basis for the belief must be such as would prevent a judge of personal integrity from presiding at the trial of the case. German Insurance

Co. v. Landram, 88 Ky. 433, 11 S. W. 367, 369, 592, 10 Ky. Law Rep. 1039; Vance v. Field, Judge, 89 Ky. 178, 12 S. W. 190, 11 Ky. Law Rep. 388; Smith v. Commonwealth, 108 Ky. 53, 55 S. W. 718, 21 Ky. Law Rep. 1470; Sparks v. Colson, 109 Ky. 711, 60 S. W. 540, 22 Ky. Law Rep. 1369; Tolliver v. Commonwealth, 165 Ky. 312, 176 S. W. 1190; White v. Jouett, 147 Ky. 197, 144 S. W. 55; Sullivan v. Commonwealth, 169 Ky. 797, 185 S. W. 134; Adams v. Gardner, 176 Ky. 252, 195 S. W. 412, 418; Chreste v. Commonwealth, 178 Ky. 311, 198 S. W. 929; Lilly v. O'Brien, 224 Ky. 474, 6 S. W. (2d) 715.

In the first case cited it was held that, where such affidavit is filed, it then becomes the duty of the trial judge to pass upon and determine whether the facts stated therein make it improper for him to preside at the trial of the case. In the course of the opinion it was said: "If the charges are false, they should be made in such a manner as would subject the party making them to criminal punishment. The fact or facts upon which the belief that the judge will not give the litigant a fair trial should and must be stated in the affidavit, and they must be of such a character as should prevent the judge from properly presiding in the case." This was quoted with approval in the later case of Schmidt v. Mitchell, 101 Ky. 570, 41 S. W. 929, 19 Ky. Law Rep. 763, 72 Am. St. Rep. 427. None of the affidavit except the quoted parts states such facts as necessarily indicate bias or prejudice of the trial judge against the accused or affords a reasonable basis for a belief that he would not afford to him a fair trial.

The third paragraph of the affidavit charges facts which, if true, tend to show the disqualification of the judge to preside in the trial, but, if untrue, it would be difficult indeed to establish their falsity or to subject the affiants to criminal punishment, since there is no intimation as to how affiants acquired the information that the trial judge had made the statements imputed to him.

However, the fourth paragraph does directly and specifically charge acts upon the part of the trial judge tending to show undue activity on his part in attempting to secure a conviction of accused and to indicate his disqualification to properly preside at the trial. These charges are made in such a manner that, if false, the affiants might be subject to criminal punishment.

Upon the filing of the affidavit, proof was heard by parol and by affidavits in refutation of the statements therein contained, and, in justice to the regular judge, it may be said that this evidence strongly tends to show that there is no substantial basis for the charges made against him. However, under the statute as properly and consistently construed, it is not within the province of the court to inquire into the truth of the statements in the affidavit, but their truth must be assumed, and, if sufficient to form a reasonable basis for a belief that the judge will not afford to the affiant a fair and impartial trial, he should vacate the bench. Nelson v. Commonwealth, 202 Ky. 1, 258 S. W. 674; Powers v. Commonwealth, 114 Ky. 237, 70 S. W. 644.

As was pointed out in the case of Stamp v. Commonwealth, 195 Ky. 404, 243 S. W. 27, the fact that the right to a trial before an impartial judge, intended to be preserved to a litigant by the statute, may have been abused by criminals attempting to evade rather than obtain a fair trial, does not justify a disregard of the mandatory provisions of the statute as it has been construed.

Even though our impression as to the truth of statements in the affidavit may occasion great reluctance in reversing a judgment because of the refusal of the regular judge to vacate, there is no other alternative when, as in this instance, the facts alleged are such as to indicate a character of hostility and bias which would prevent an official of personal integrity from presiding in the case.

For the reason indicated the judgment is reversed for proceedings consistent with this opinion. All other questions are reserved.