## Howard v. Harlan County Fiscal Court et al.

October 14, 1947.

J. S. Forester, Judge.

Jesse K. Lewis and A. Joe Asher for appellant.

Bert O. Howard for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

We have for consideration three separate cases, all involving the same questions of law and procedure, on appeals from the fiscal to the circuit court from three separate orders of the fiscal court, made on September 11, 1946. Two relate to orders transferring a total of more than $16,000 from general and miscellaneous accounts to the road and bridge fund, the other undertook to appoint a member of the County Budget Commission.

These orders were placed on the equity docket; summons issued on each "appeal," and were treated as appeals in various motions by defendants, and by the court in final order. On October 8 defendants, by the county attorney, demurred to the appeals and moved to strike the petition "whereby some one sought to appeal from the order." On October 23 the court sustained the motion.

On October 31 appellant tendered motion to set aside the order of October 23. This motion was made during the criminal term of the Harlan Court, and the court had signed the orders, so it was passed to the November (civil term) of court. At the same time appellant moved the regular Judge to vacate the bench.

Appellant in his motion to set aside the order, in substance asserted that the motion to dismiss and the dismissal order were entered during a criminal term, (which the transcript otherwise shows) and that there was to be no civil term until November 2, 1946, when the matter could be legally heard. Saying that the procedure was the same as in ordinary actions, and the hearing contrary to Sections 167a et seq., Civil Code of Practice, it was alleged that the rules of the Harlan court provided that no civil case, excepting equity cases, should be heard or tried at criminal terms of the court. It was alleged that the order was entered without notice to plaintiff, in order to prevent the filing of a proposed motion for the Judge to vacate the bench, "as he had voluntarily done in other cases growing out of other matters directly related to and a part of the matter in controversy."

In affidavit counsel said he was in Harlan on the day preceding the court's ruling, but had no notice or knowledge that defendants had made any move in the

matter; that at no time prior to the entry of the order was notice given to him, his law partner or to appellant of submission of the matter. He asserts that if he had received notice he was prepared to file and would have filed appellant's motion for the Judge to vacate.

In support of the tendered motion to vacate appellant filed affidavit in which it was stated that in matters relating to violations of the gambling and liquor laws, appellant had used his official efforts to suppress such violations, but that the circuit judge had failed to co-operate, or use any effort looking toward suppression; that the circuit judge had publicly expressed animosity toward appellant, and quotes statements made by the circuit judge which were critical, and perhaps showed animosity. It was also stated that the regular judge would not afford appellant a fair hearing on the matter involved because of bias and prejudice against one of appellant's employed counsel, "because persons and business interests represented by said counsel for many years had ceased to employ him as their counsel" because the alleged hostility would not justify his employment.

We have given no more than portions of the affidavit filed in support of the motion, but when we turn to Metcalf v. Howard, Judge, 304 Ky. 498, 201 S. W. 2d 197, it is not at all difficult to see the close relationship of the matter there in controversy with the matter here involved. The regular Judge did not preside in that case.

Following the tender of the motions above mentioned, the court ordered them and affidavits filed of record, and upon submission he first overruled the motion to set aside the order, and then the motion to vacate the bench, and one month later entered an order transferring the case from the equity to the ordinary docket, this was done as said in the order, because the clerk had by mistake placed the proceeding on the equity docket. This was to have the effect of fixing the status of the matter as of the date of original filing.

While appellant's brief discusses the merits of the motion to set aside the order of dismissal to considerable extent, in closing it is requested that we reverse the judgment in each of the three cases, and remand them

570

"with directions that the regular Judge of the Harlan circuit court vacate the bench, and a special Judge be appointed to try the questions at issue." In the light of this request we shall not attempt to discuss the merits of the motion, chiefly discussed in brief for appellees, but which does not in any way make reference to the motion to vacate or the court's ruling thereon.

Without reiterating the facts set out in supporting affidavits for the Judge to vacate, we are of the opinion that the Judge should have sustained the motion, since the facts alleged were sufficient to sustain the claim that he could or would not afford a fair and impartial trial. Branham v. Caudill, 264 Ky. 263, 94 S. W. 2d 674; Neace v. Com., 243 Ky. 149, 47 S. W. 2d 995; Smith v. Ward, 256 Ky. 13, 75 S. W. 2d 538; Williams v. Howard, 270 Ky. 728, 110 S. W. 2d 661, and cases cited.

Having reached such conclusion the judgment in each case is reversed, with directions to set aside the order overruling the motion to vacate and enter one as indicated herein.