## Saylor et al. v. Metcalf et al.
## Saylor et al. v. Baumgardner et al.

April 29, 1949.

Cleon K. Calvert and Bert O. Howard for appellants.

James Sampson for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

Sometime prior to November 12, 1947, the County Court of Harlan County, pursuant to KRS 70.540, established a county police force and appointed the two appellees as county patrolmen. The Fiscal Court of the County refused to fix the compensation of these officers as provided in KRS 70.560, and one phase of the controversy was passed upon in Metcalf et al. v. How-

ard, Judge, 304 Ky. 498, 201 S. W. 2d 197. On November 12, 1947, the Fiscal Court met and fixed the salaries of appellees at $75 per month. This order was appealed to the Harlan Circuit Court, and the case again found its way here. Howard v. Harlan County Fiscal Court et al., 305 Ky. 567, 205 S.W.2d 149.

On August 11, 1948, the Harlan Circuit Court adjudged that the salary of $75 a month was "unreasonably low" and the members of the Fiscal Court were ordered to fix salaries which were fair and reasonable. On that day the Fiscal Court again met and raised these salaries to $85 per month. Thereafter appellees moved for a rule against certain members of the Fiscal Court, appellants, to show cause why they should not be punished for contempt, and a motion was also made for the Circuit Court to fix and determine a reasonable salary. This appeal is taken from a judgment directing appellants to fix and allow appellees salaries in the amounts of $2700 and $1800 per annum, respectively, and fining them $25 each for contempt.

The evidence shows that appellee police officers, since their appointment, had performed their duties on a full-time basis. (Both have recently been killed in the line of duty.) Appellants' contention that the services are worth no more than $85 a month is based upon their personal opinions that appellees had not been sufficiently active in the former's individual districts. It does not appear, however, that appellants have made a real investigation to determine what salaries would be reasonable.

Appellants insist they acted in good faith, and since the fixing of salaries is left to their discretion, the Circuit Court has no power to exercise that discretion for them. This theory would require us to acknowledge in appellants an arbitrary power specifically condemned by Section 2 of the Kentucky Constitution.

In Hickman County v. McMorris, 149 Ky. 1, 147 S. W. 768, on which appellants rely, it was recognized that a circuit court may afford relief in cases where a fiscal court attempts to fix salaries unreasonably low. In Robinson, County Judge, v. Elliott County Fiscal Court, 236 Ky. 63, 32 S. W. 2d 554, we held that where a fiscal court fixes an unreasonably low salary and the order is ap-

pealed to the circuit court, the latter should hear evidence and certify to the fiscal court an adequate figure. When that case again came back to this Court, we fixed the reasonable amount in dollars and cents. Robinson, County Judge, v. Elliott County Fiscal Court, 242 Ky. 301, 46 S. W. 2d 115.

The county court is granted authority to establish a county police force. The maximum amounts of compensation to be allowed, provided in KRS 70.560, indicate the legislature intended that the salaries should be substantial in a county the size of Harlan. On its face, $85 a month is unreasonably low for a full-time job performed by an able bodied man in this day and time. The Circuit Court had authority to require appellants to fix a reasonable figure. This they have persistently failed to do, and it was proper for the Court to hear evidence and finally determine the matter. The salaries of $2700 and $1800 per annum for the two jobs, which the lower Court determined upon and certified to the Fiscal Court, are fair and reasonable, and they must be paid by the Fiscal Court.

The fine for contempt imposed upon appellants by the judgment is amply justified by this record.

For the reasons stated, the judgment is affirmed.