**EAST KENTUCKY RURAL ELECTRIC COOPERATIVE CORPORATION,** Appellant,

v.

**Fannie K. PHELPS et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 11, 1955.

Philip P. Ardery, Louisville, for appellant.

G. Murray Smith, Jr. and James S. Lackey, Richmond, for appellees.

CULLEN, Commissioner.

The East Kentucky Rural Electric Cooperative Corporation sought to condemn an easement for a high-voltage electric transmission line, across a farm owned by Mrs. Fannie K. Phelps and her son, Thomas. Commissioners in the county court fixed the damages at $1,019.60. Upon exceptions being filed, a jury in the county court assessed the damages at $2,600. An appeal was taken to the circuit court, and upon a trial in that court the jury awarded damages in the amount of $3,011.15, consisting of $1,173.75 for the land embraced in the easement, and $1,837.40 for resulting damages to the remainder of the farm.

The corporation has appealed, asserting the following grounds of error: (1) Refusal of the circuit judge to vacate the bench; (2) excessive damages; and (3) exclusion of rebuttal evidence concerning the value at which the farm was assessed for taxation.

In support of its motion that the judge vacate the bench, the corporation filed two affidavits. One, by the corporation's president, Mr. Veech, recited in substance that the corporation had in good faith attempted to purchase a right of way for a transmission line across a farm owned by the circuit judge, but had been unable to arrive at an agreement with him; that the corporation anticipated that it will be necessary to institute a condemnation action against the judge, and that the issues in such action would be substantially identical with the issues in the instant action. Mr. Veech swore in this affidavit that "the statements and facts herein set forth are true and correct as he verily believes."

The other affidavit, by a director of the corporation, Mr. Moore, recited that on the occasion of a preliminary hearing in this action, the judge made the following statements from the bench:

The corporation was "seeking to obtain its right of ways for nothing, and without paying compensation to the landowners whose lands are sought to be crossed;" the purpose of the motion to vacate the bench was to induce the

judge to give the corporation a right of way over his lands "for little or no compensation;" the officials, employes and attorneys of the corporation are well paid for their services and the corporation "would find that he (the judge) was going to be well paid for any right of way which it obtained over his land."

This affidavit further stated that on the same occasion the judge advised the attorney for Mrs. Phelps that he "need not waste his time with a motion to dismiss, but that said attorney might better protect his clients from having their lands taken for nothing" by seeking an injunction before a judge of an adjoining district. Mr. Moore stated in this affidavit that he was "present in the Clark Circuit Court at the time and place mentioned, and that the facts contained in the foregoing Supplemental Affidavit are true as he verily believes."

Upon the affidavits being filed, the defendants moved that the plaintiff be required to make the affidavits more definite and certain. Thereupon, the judge proceeded to call in the parties and their counsel, and conducted a lengthy hearing concerning the affidavits and their subject matter. Mr. Moore was questioned, and he stated that all of the statements in his affidavit were true. At the demand of the judge, he again swore to his affidavit, before the circuit court clerk. Mr. Veech also was questioned, and he stated that he had not personally endeavored to negotiate with the judge for a right of way over the judge's land, but had been informed by the corporation's engineer that an agent of the corporation had conducted such negotiations. At the conclusion of the hearing, the judge overruled the motion that he vacate the bench.

The appellees seem to concede that the facts recited in the affidavits, if true, were sufficient to require the judge to vacate the bench; it is their contention that the facts cannot be accepted as true, because the affidavits were qualified by the phrase "as he verily believes". Their argument, in substance, is that an affidavit alleging that facts are true, as the affiant verily believes, is not

sufficient to support a motion to vacate the bench.

It appears to be well settled that any *facts* alleged in an affidavit in support of a motion to vacate the bench must be accepted as true, and cannot be questioned by the judge. Neace v. Commonwealth, 243 Ky. 149, 47 S.W.2d 995; Nelson v. Commonwealth, 202 Ky. 1, 258 S.W. 674; Powers v. Commonwealth, 114 Ky. 237, 70 S.W. 644, 1050, 71 S.W. 494. The appropriate remedy, in case the facts are not true, is to cause the affiant to be prosecuted for perjury or false swearing. Branham v. Caudill, 264 Ky. 263, 94 S.W.2d 674; Hargis v. W. T. Congleton Co., 252 Ky. 192, 66 S.W. 2d 98; Neace v. Commonwealth, 243 Ky. 149, 47 S.W.2d 995.

It is the contention of the appellees that the affidavits here in question could not furish the basis for a prosecution for perjury or false swearing, because of the qualifying phrase, "as he verily believes." However, there is ample authority for the proposition that a prosecution can be sustained upon such an affidavit, if it is proved that the affiant did not in fact believe the facts asserted, or had no probable grounds for believing such facts were true. 41 Am. Jur., Perjury, sec. 9, p. 8; Wharton, Criminal Law, sec. 1512, p. 1784; State v. Luper, Or., 95 P. 811.

In Colovas v. Allen Motor Co., 242 Ky. 93, 45 S.W.2d 809, 810, referring to an affidavit for an attachment, this Court said: "* * * where the affidavit states the facts directly, and it is sworn to on information and belief, it is * * * sufficient."

It is our opinion that the affidavits sufficiently alleged specific facts of such a character as to require the judge to vacate the bench. Particularly is this true of the affidavit of Mr. Moore, which recites that he was present when the alleged statements of the judge were made.

It was wholly improper for the judge to conduct a hearing on the subject matter of the affidavits, and to inquire into

the motives of the plaintiff in seeking to swear him off the bench. However, we may say that the facts brought out on the hearing tended to furnish additional support for the motion to vacate the bench.

 Although we are reversing the judgment because of the error in overruling the motion to vacate the bench, and there is no way of anticipating what the award of damages may be upon another trial, we think it is appropriate to say that we consider the damages that were awarded to be excessive.

The farm consists of 100 acres. The right of way is 100 feet wide and approximately one quarter of a mile long. Upon the right of way the corporation has erected three sets of double poles. One set stands in a fence line and another is very close to the fence line. Only one set stands in an open field. There is practically no interference with the use of the land in the area embraced by the easement. The corporation is required by the terms of the easement to use an established farm road for the purpose of ingress and egress. It appears that the witnesses' estimates of depreciation in value were based almost entirely on aesthetic considerations. We are inclined to the view that the estimates were extravagant and without substantial factual basis. See Tennessee Gas & Transmission Co. v. Teater, Ky., 252 S.W.2d 674.

The final question concerns the admissibility, as rebuttal evidence, of the fact that Mrs. Phelps' husband had listed the farm for taxation at a value of only $7,200. The trial court ruled that this evidence was of the character of evidence in chief, and was not admissible in rebuttal.

We have held that evidence as to assessed valuation is competent only upon the theory that it is an admission against interest, and then only if the valuation has been fixed by the landowner himself. Commonwealth v. Gilbert, Ky., 253 S.W.2d 264. We think a valuation by a landowner's husband should occupy the same status as one made by the landowner herself, on the theory of presumptive agency.

As an admission against interest, the tendered evidence concerning assessed valuation should have been admitted in rebuttal.

The judgment is reversed, for proceedings consistent with this opinion.