**C. H. FARLEY and Herbert Cool, Petitioners,**

**v.**

**Charles E. LOWE, Judge, Pike Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Sept. 25, 1964.

Henry Stratton, Francis M. Burke, Pikeville, for petitioners.

Judge Charles E. Lowe, Pikeville, for respondent.

CULLEN, Commissioner.

The grand jury of Pike County returned 33 indictments against C. H. Farley, superintendent of schools of the county, and Herbert Cool, finance officer of the school system, charging them with misapplication of school funds. In addition, the grand jury returned 20 indictments against Farley alone, charging him with corrupt practices. Twenty-six of these indictments were assigned for trial before Judge Charles E. Lowe, judge of Division Two of the Pike Circuit Court. Farley and Cool filed verified motions containing detailed allegations of prejudice against them on the part of Judge Lowe and asking that he vacate the bench. The motions were overruled. Far-

ley and Cool now have brought an original proceeding in this court seeking an order prohibiting Judge Lowe from presiding on the trial of the indictments.

The indictments were returned by the June 1964 grand jury. Judge Lowe was elected to office at the November 1963 regular election. The verified motions of Farley and Cool alleged that the administration of the school system was made a major partisan political issue during both the primary and the general election in 1963; that Judge Lowe, as a candidate, appeared at political rallies with other candidates of his party who made speeches charging Farley and Cool with crimes in the administration of the school system; and that on the general election day Judge Lowe said to voters at one precinct: "Help elect me and we'll clean Farley and his mess out." The motions further alleged that after taking office Judge Lowe stated his belief that Farley was guilty of committing criminal offenses in the conduct of the school system. Other allegations were that Judge Lowe chose bitter political enemies of Farley and Cool as jury commissioners and that he personally selected the grand jury members after having had them individually investigated for political affiliation.

It is our opinion that the allegations of the motions showed such bias and prejudice on the part of the judge as to require him to vacate the bench. The facts stated in the motions must be accepted as true. Neace v. Commonwealth, 243 Ky. 149, 47 S.W.2d 995.

Ordinarily the remedy by appeal is considered adequate in case of an improper refusal of the trial judge to vacate the bench. Brents v. Burnett, 295 Ky. 337, 174 S.W.2d 521. However, upon a showing in a particular case that the remedy by appeal is not adequate the original jurisdiction of this Court may be invoked. Evans v. Humphrey, 281 Ky. 254, 135 S.W.2d 915; Commonwealth ex rel. Meredith v. Murphy, 295 Ky. 466, 174 S.W.2d 681. Here the remedy by appeal might require the taking of 26 appeals. We do not consider this an adequate remedy.

It is ordered that Judge Lowe vacate the bench in the proceedings on the indictments against Farley and Cool.